IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ADRIAN JENKINS,

    Plaintiff,

v.

JOSEPH HUTCHESON,

    Defendant.

CIVIL ACTION NO.: CV614-081

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. Defendant filed a Motion to Dismiss, and Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant assaulted him during an escort. Plaintiff asserts that he told Defendant that he would be placed in harm's way by moving into a cell with an inmate because they did not get along with each other. Plaintiff contends that Defendant slammed his head into the concrete wall several times, which resulted in a cut above Plaintiff's eye and headaches. Plaintiff also contends that he was taken to medical and was knocked to the floor and shackled. Plaintiff asserts that these shackles were so tight that he could not walk, and he was dragged and pulled every

step to medical and back to a cell. Plaintiff also asserts that these shackles left gashes in his wrists and legs, causing massive swelling, nerve damage, and numbness in his hands. Plaintiff alleges that he later received a medical safety handcuff profile as a result.

Defendant contends that Plaintiff's Complaint is barred by the applicable statute of limitations period. Defendant also contends that Plaintiff's claims are not saved by the Georgia renewal statute.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678. "To dismiss a prisoner's complaint as time-barred . . . it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." McKenzie v. United States Department of Justice, Drug Enforcement Agency, 143 F. App'x 165, 168 (11th Cir. 2005) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (internal quotations omitted).

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends that Plaintiff signed his Complaint on July 17, 2014, which is the earliest he could have filed his Complaint under the mailbox rule. Defendant also contends that this date is more than two (2) years after the incident underlying this cause of action, which allegedly occurred on June 19, 2012. Defendant asserts that Plaintiff's Complaint is barred by the applicable statute of limitations. Defendant alleges that Georgia's renewal statute does not apply and cannot serve to toll the statute of limitations period because Plaintiff's previously-filed complaint does not serve as a properly filed cause of action.

Plaintiff contends that this Court did not dismiss his cause of action during frivolity review, even though the Court was aware at the time he filed his Complaint when the alleged incident occurred.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Plaintiff asserts that Defendant assaulted him on June 19, 2012, and he signed his Complaint on July 17, 2014. (Doc. No. 1, pp. 5–6). At first blush, it appears that

AO 72A
(Rev. 8/82)

Plaintiff filed this Complaint untimely. However, it must be determined whether Georgia's renewal statute allows Plaintiff to proceed with this cause of action.

The Georgia renewal statute, O.C.G.A. § 9-2-61, applies to § 1983 actions in federal court. <u>Scott v. Muscogee Cnty.</u>, 949 F.2d 1122, 1123 (11th Cir. 1992). The Georgia renewal statute provides:

> (a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.
>
> (b) This Code section shall not apply to contracts for the sale of goods covered by Article 2 of Title 11.
>
> (c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

O.C.G.A. § 9-2-61. The Georgia renewal statute tolls the running of the statute of limitations, and the renewal statute applies to both involuntary as well as voluntary dismissals of actions where the merits are not adjudicated. See <u>Hornsby v. Hancock</u>, 165 Ga. App. 543, 301 S.E.2d 900 (1983); <u>Bowman v. Ware</u>, 133 Ga. App. 799, 213 S.E.2d 58 (1975). The renewal statute provides that the statute of limitations is satisfied if a plaintiff files a valid action within the limitations period, that action is later dismissed, and the plaintiff files a new action (that would otherwise be time-barred) within six months of the dismissal. O.C.G.A. § 9-2-61. However, "[i]t is well settled in Georgia law

4

that in order for a case to qualify as a renewal action, the earlier filed suit must have been a valid action with proper service on the defendant." Black v. Knight, 231 Ga. App. 820, 821, 499 S .E.2d 69 (1998) (emphasis in original). In addition, dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations. Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). "[T]he renewal statute is inapplicable if the original complaint did not constitute a 'valid action' before dismissal." Scott, 949 F.2d at 1123. The "mere filing" of a complaint "does not constitute a 'valid' action[.]" Id. (citation omitted).

Plaintiff filed a cause of action against Defendant, Case Number CV614-30, on April 14, 2014. By Order dated April 15, 2014, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and advised Plaintiff that he had to comply with the conditions of that Order, including returning his trust account statement and the consent to collection of fees within thirty (30) days. (CV614-30, Doc. No. 4). Plaintiff had until May 16, 2014, to comply with this Order. Plaintiff failed to do so, and the Honorable B. Avant Edenfield dismissed Plaintiff's complaint, without prejudice, based on his failure to respond to a Court order on May 28, 2014. (CV614-30, Doc. No. 6).

Plaintiff's first complaint in Case Number CV614-30 was not served and was dismissed without prejudice based on Plaintiff's failure to comply with a Court order. Thus, Plaintiff's first complaint, which was filed within the applicable statute of limitations period, was not a valid action. The renewal statute does not apply to allow the tolling of the applicable statute of limitations period. Plaintiff's Complaint in this case, which is dated July 17, 2014, was filed untimely under Georgia law. The undersigned notes Plaintiff's assertions that this Court did not dismiss his Complaint upon frivolity review.

AO 72A
(Rev. 8/82)

However, these assertions are without merit. While a court is permitted to dismiss an untimely pleading *sua sponte*, a court is not required to do so. A cause of action being barred by the applicable statute of limitations is an affirmative defense, which must be raised by a defendant. See FED. R. CIV. P. 12(b)(6).

Despite this, however, Plaintiff makes a contention in his Complaint which indicates that his Complaint should not be dismissed. Plaintiff contends that he filed a grievance within the allotted time period, and his grievance was forwarded to Internal Affairs. Plaintiff also contends that he never received a response to this grievance. (Doc. No. 1, p. 4).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." "The plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (alteration in original) (citation omitted). "This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." Id. In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative

AO 72A
(Rev. 8/82)

system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). The undersigned takes judicial notice of the Georgia Department of Corrections' Standard Operating Procedure which was in place in June 2012. See Painter v. Thomas, et al., CV612-88, Doc. No. 46 (S.D. Ga.).

In Leal, the Eleventh Circuit "decline[d] to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d at 1280. While the undersigned recognizes that Georgia law does not permit tolling, the undersigned concludes that tolling is the proper course in this case. The applicable statute of limitations period was tolled while Plaintiff pursued his administrative remedies, which was a prerequisite to filing suit because he is imprisoned. Even though the Eleventh Circuit has not addressed this issue directly, other Courts of Appeals agree. Nickolich v. Rowe, 299 F. App'x 725, 725-26 (9th Cir. 2008) (finding that, given California's two-year statute of limitations, a state prisoner's § 1983 deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (holding that a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (concluding that tolling is appropriate while

prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999) (same); see also, Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring a case back to the magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372(CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that the Eleventh Circuit has not adopted a rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations).

It is not clear from the face of Plaintiff's Complaint whether he properly exhausted his available administrative remedies prior to filing his cause of action, and, if so, whether the applicable statute of limitations period was tolled while he exhausted his administrative remedies. Plaintiff's Complaint concerns events which allegedly occurred on June 19, 2012, and he signed his Complaint on July 17, 2014. If, as Plaintiff asserts, he filed a timely grievance, and that grievance was forwarded to Internal Affairs, the statute of limitations period was tolled for a period of time. It is possible that any tolled period of time renders Plaintiff's Complaint timely filed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

8