IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ADRIAN JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH HUTCHESON,<br><br>    Defendants. | CIVIL ACTION NO.: 6:14-cv-81 |

## ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration. (Doc. 95.) After an independent and *de novo* review of the entire record, and for the reasons set forth below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 on July 31, 2014, to contest certain conditions of his confinement while housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) In his Complaint, Plaintiff alleged that Defendant Hutcheson assaulted him during an escort from one cell to another. (Id. at p. 8.) Plaintiff asserts that Defendant Hutcheson slammed his head into the concrete wall several times, resulting in a laceration above Plaintiff's eye and recurring headaches. (Id.) Plaintiff also contends that when he was taken to the infirmary, he was knocked to the floor and shackled. (Id. at p. 10.) Plaintiff asserts that these shackles were so tight that he could not walk, and he was then dragged and pulled back to his cell from the infirmary. (Id. at p. 11.) Plaintiff also asserts that these shackles left gashes in his wrists and legs, which caused massive swelling, nerve damage, and numbness in his hands. (Id.)

On September 23, 2014, after conducting the requisite frivolity review of Plaintiff's Complaint, United States Magistrate Judge James E. Graham recommended that Plaintiff's Eighth Amendment claims against Defendant Hutcheson proceed. (Doc. 11.) Following the Court's denial of Defendant Hutcheson's Motion to Dismiss, (doc. 42), Plaintiff filed no less than seventeen motions including, *inter alia*, motions to compel, motions for subpoenas, multiple motions for copies, motions for extensions of time, a motion to undergo polygraph, and a motion to consider previously filed motions. Following these motions, on October 28, 2015, Magistrate Judge R. Stan Baker issued an Order denying some of Plaintiff's motions and granting others. (Doc. 92.) On November 9, 2015, Plaintiff filed an Objection to the Magistrate Judge's Order, (doc. 92), which the Court overruled, (doc. 94).

Plaintiff filed the instant Motion for Reconsideration of the Court's Order overruling his objections. (Doc. 95.) Specifically, Plaintiff requests that the Court grant his motions for subpoenas, (docs. 52, 70, 75), motions to compel, (doc. 58, 61), and his motion for extension of time, (doc. 86). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## DISCUSSION

As to his motions for subpoenas, Plaintiff contends, without further argument, that Defendant must produce the video footage of his assault, pursuant to Federal Rule of Civil Procedure 37. (Doc. 95, p. 2.) As to his motions to compel, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 26, he is entitled to the video footage because it is relevant to his claims. (Id. at p. 4.) Plaintiff further avers that his motions to compel should be granted because the Magistrate Judge did not "timely" issue an order on those motions before Defendant filed a motion for summary judgment. (Id. at pp. 5–6.) As to his motion for extension of time, Plaintiff

2

asserts that the Magistrate Judge should have declared this motion moot as opposed to granting it. (Id. at p. 7.)

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 97 F.3d 1242 (11th Cir. 1996).

Plaintiff has not met the standard for a motion for reconsideration. In particular, Plaintiff has not shown that the Court made a clear error in law or fact when overruling his Objections to the Magistrate Judge's Order of October 28, 2015. Further, the majority of Plaintiff's motion for reconsideration argues that the Court could have better analyzed and resolved his myriad motions. Plaintiff's Motion offers no newly discovered evidence or intervening change in law. Accordingly, nothing in Plaintiff's Motion compels the Court to reconsider its previous rulings.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order dated November 23, 2015, remains the Order of the Court.

**SO ORDERED**, this 14th day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4