IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ADRIAN JENKINS,

    Plaintiff,

v.

JOSEPH HUTCHESON,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-81

## ORDER

Presently before the Court are the parties' Objections to the Magistrate Judge's Report and Recommendation, (docs. 105, 106). After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 103). Accordingly, the parties' Objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

## BACKGROUND

This case revolves around four instances in which Defendant used force against Plaintiff at Georgia State Prison, ("GSP"), which are set out fully in the Magistrate Judge's Report and Recommendation. (Doc. 103.) In his Complaint, Plaintiff alleged that each instance in which Defendant used force was unwarranted and excessive, (doc. 1, p. 14), while Defendant maintains that he employed only the amount of force necessary to address Plaintiff's noncompliance with his orders and to restore order in the prison (doc. 84-1, pp. 16–21).

Plaintiff filed his Complaint on July 31, 2014. After the requisite frivolity review, Plaintiff's Complaint was served against Defendant based upon Plaintiff's assertions that Defendant used an excessive amount of force against Plaintiff. (Doc. 10.) Defendant then filed

a Motion to Dismiss, which the Court denied. (Doc. 42.) Defendant filed the instant Motion for Summary Judgment on September 30, 2015. The Magistrate Judge recommended that the Court dismiss two of Plaintiff's four excessive force claims, while allowing the remaining claims to proceed. (Doc. 103.)

## DISCUSSION

Each of the parties filed Objections to the Magistrate Judge's Report and Recommendation, (docs. 105, 106). Plaintiff objects that the Magistrate Judge failed to take into account video evidence of Defendant's use of force against him and, therefore, failed to consider all of the pertinent facts. (Doc. 105, p. 2.) The Court previously addressed this contention in its Order dated October 28, 2015, (doc. 92). In that Order, the Court denied Plaintiff's Motion to Compel production of video footage of the event from the prison surveillance camera, finding that "Defendant cannot produce what does not exist." (Id. at p. 5.) Furthermore, because the Magistrate Judge, in reviewing Defendant's Motion for Summary Judgment, viewed the facts in a light most favorable to Plaintiff, review of the video footage of the events—if that footage exists—would be superfluous. Plaintiff's Objections are, therefore, **OVERRULED**.

Defendant objects that (1) the statute of limitations bars Plaintiff's claims; (2) the Magistrate Judge failed to properly weigh the evidence as to Plaintiff's excessive force claims[1]; and (3) the Magistrate Judge improperly found that Plaintiff suffered more than *de minimis* injuries.[2] (Doc. 106, p. 6.) The Magistrate Judge addressed and correctly analyzed all of these

---

[1] Defendant contends that the Magistrate Judge improperly weighed the five Campbell factors as to incidents one and two only. As to incidents three and four—the claims for which the Magistrate Judge recommended dismissal—Defendant does not object that the Magistrate Judge improperly weighed the factors.

[2] Notably, the parties dispute the extent and severity of Plaintiff's injuries. (Doc. 103, p. 26.) Of course, on Defendants' Motion for Summary Judgment, the Court must resolve all factual disputes in Plaintiff's favor. Accordingly, at this stage, a finding in Defendant's favor that Plaintiff suffered only *de minimis*

2

arguments at length. Thus, for the reasons stated in the Magistrate Judge's Report and Recommendation, Defendant's Objections are **OVERRULED**.

## CONCLUSION

Consequently, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment (doc. 84). The Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's excessive force claims regarding incidents three (3) and four (4), but **DENIES** Defendant's Motion for Summary Judgment as to Plaintiff's excessive force claims regarding incidents one (1) and two (2). The parties are reminded to follow the directives set forth in the Magistrate Judge's Order dated June 22, 2016. (Doc. 103.)

**SO ORDERED**, this 25th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

injuries would be inappropriate. Furthermore, "[o]ther courts have found that injuries similar to those alleged by Plaintiff to be adequate to recover under the PLRA." See, e.g., Munn v. Toney, 433 F.3d 1087, 1089 (8th Cir. 2006) (holding that plaintiff's allegations of headaches, cramps, nosebleeds, and dizziness, resulting from denial of prescribed blood pressure treatment, survived Section 1997e(e) review); Cotney v. Bowers, No. 2:03-CV-1181-WKW, 2006 WL 2772775, at *7 (M.D. Ala. Sept. 26, 2006) (finding that plaintiff's allegations of bruised ribs after use of force surmounted Section 1997e(e)'s bar, as plaintiff put forth evidence from which a jury could determine that his physical injuries were more than *de minimis*). (Id. at pp. 26–27.) Moreover, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v.. Gaddy, 559 U.S. 34, 37 (2010).