**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ADRIAN JENKINS,

    Plaintiff,

v.

JOSEPH HUTCHESON,

    Defendant.

CIVIL ACTION NO.: 6:14-cv-81

**O R D E R**

This matter is before the Court on Plaintiff's Motion for a Settlement Conference, (doc. 131), Motion for Court Ordered Exhibits and Pleadings, (doc. 132), and Motion for a Writ Directing Transfer from Georgia State Prison ("GSP"), (doc. 133). After Plaintiff submitted these Motions, the Court reviewed the entire record of this case and determined it ready for trial. (Doc. 134.) In light of the impending trial and for the reasons set forth below, the Court **DISMISSES AS MOOT** Plaintiff's Motion for a Settlement Conference and **DENIES** Plaintiff's Motion for Court Ordered Exhibits and Pleadings, and Motion for a Writ Directing Transfer from GSP.

**I.    Motion for a Settlement Conference (Doc. 131)**

Given that this case has been set for trial, (doc. 134), Plaintiff's Motion for a Settlement Conference is now moot. Thus, the Court **DISMISSES AS MOOT** Plaintiff's Motion.

**II.    Motion for Court Ordered Exhibits and Pleadings (Doc. 132)**

In his Motion, Plaintiff requests—for a third time—copies of previously submitted exhibits and pleadings. Plaintiff acknowledges that the Court granted his motion for copies in its

October 28, 2015 Order, (doc. 92, p.3), but summits that he has not yet received any copies despite "twice" being charged the costs associated with copying the requested documents. (Doc. 132, p.2.) Although Plaintiff notes that the double entry has been removed from his account, a review of the record reveals that Plaintiff has not actually been charged for the requested documents. Instead, his prison trust account statement shows that Plaintiff owes the Court an "obligation" in the amount needed to pay for the requested copies, $119.50, and that there was a double entry of this amount on his "obligations" ledger. (Doc. 104-1, p. 2.) The required "withdrawal" has not yet been made due to insufficient funds. (Id. at p. 1.)

The Court reminds Plaintiff that the Clerk will require the prepayment of fees prior to providing copies of any documents. See 28 U.S.C. § 1914(b) and (c). Accordingly, to the extent Plaintiff requests that the Clerk of Court provide these copies before Plaintiff remits payment, the Court **DENIES** that Motion. However, Plaintiff has reiterated his prior request to receive copies, (doc. 132). As Plaintiff previously provided consent to the collection of fees in this case, (doc. 7), the Court reiterates that the Clerk of Court is authorized to provide Plaintiff with the documents he requests at the cost of $0.50 per page, totaling $119.50, and to seek prepayment of those fees from Plaintiff's prison trust account. It is further **ORDERED** that Plaintiff's custodian shall forward the funds requested to the Clerk, U.S. District Court, P.O. Box 8286, Savannah, GA 31412. It is not the Court's intention for Plaintiff to incur an additional indebtedness or obligation for these copies. Rather, the Clerk shall provide Plaintiff copies upon the satisfaction of the already pending obligation. To the extent that Plaintiff contends he needs to be provided specific pleadings without prepayment of fees to adequately litigate his claims at trial, he may raise that request with the Court at the pretrial conference.

### III. Motion for a Writ Directing Transfer from GSP (Doc. 133)

Plaintiff contends he was transferred from Smith State Prison in Glennville, Georgia, back to GSP in Reidsville, Georgia. According to Plaintiff, Defendant assaulted him at this prison and is now manager of the unit in which he lives. (Doc. 133, p. 3.) Plaintiff alleges that he has been subjected to retaliation by Defendant and by other officers at Defendant's behest. (Id., p. 4–13.) Plaintiff claims he has been denied showers, meals, yard access, and medical treatment for a bloody nose. (Id.) Plaintiff requests that the Court grant his immediate transfer from GSP. (Id. at p. 14.)

The Court **DENIES** Plaintiff's Motion. Prisoners do not have a constitutional right to be housed in a particular penal facility. Edinborough v. Haynes, CV210-026, 2010 WL 2636085, at *2 (S.D. Ga. May 12, 2010) (citing McKune v. Lile, 536 U.S. 24, 39 (2002), *adopted by* 2010 WL 2636087 (S.D. Ga. June 29, 2010)). In addition, the Court generally does not involve itself with the administrative functions of the penal system, and transfers fall within this category. Id. (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Moreover, these allegations essentially raise claims outside of the allegations at issue in this case and, thus, the Court cannot grant relief on these unrelated claims in this lawsuit.

**SO ORDERED**, this 6th day of November, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA